UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARGARET LAYNE,

       Plaintiff,                                  USDC No.:  4:15 cv 13033 LVP EAS
                                                          Lower Court No.:  15 008594 NO

v                                                          Magistrate Elizabeth A. Stafford

COSTCO WHOLESALE CORPORATION, a self-insured entity,

       Defendant.
_____

| MARK M. GRAYELL  (P 37069) | ROBERT A. MARZANO  (P 51154) |
|---|---|
| | JASON G. BULBUK  (P 77640) |
| Bernstein & Bernstein | Plunkett Cooney |
| Attorney for Plaintiff | Attorneys for Defendant |
| 18831 W. 12 Mile Road | 38505 Woodward Ave., Suite 2000 |
| Lathrup Village, MI  48076 | Bloomfield Hills, MI  48304 |
| 248/350-3700 // 248/352-6680 fax | 248/594-6357 // 248/901-4040 fax |
| mgrayell@lawfirmofbernstein.com | rmarzano@plunkettcooney.com |

_____

## SECOND AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

       NOW COMES PLAINTIFF, Margaret Layne, by and through her attorneys, Bernstein & Bernstein, and for her cause of action against Defendant, Costco Wholesale Corporation, states as follows:

       1.       Plaintiff, Margaret Layne, is a resident of the City of Dearborn Heights, County of Wayne, State of Michigan.

       2.       Defendant, Costco Wholesale Corporation, is self-insured and owns and exercises exclusive possession and control of its store located at 13700 Middlebelt Road in the City of Livonia, County of Wayne, State of Michigan.

       3.       On or about December 30, 2014, Plaintiff was a business invitee and lawfully on Defendant Costco's premises for the purpose for which it was intended.

4.    On the aforementioned date and at that time, Plaintiff slipped and fell while on Defendant Costco's premises on a liquid substance that had been allowed to accumulate on the floor, causing Plaintiff to suffer severe and serious injuries as hereinafter described.

5.    In the exercise of reasonable care, Defendant, at all times relevant hereto, should have known that there existed an accumulation of a liquid substance constituting an unusual, peculiar and unreasonably dangerous and defective condition on the premises.

6.    Plaintiff was not guilty of any negligence which in any manner contributed to the happening of this incident or the infliction upon her of the injuries hereinafter set forth.

7.    The dangerous condition in question was not "open and obvious" and would not have been appreciated by an average person of ordinary intelligence upon casual inspection.

8.    Defendant owed the public generally, and more specifically Plaintiff, certain duties to ensure their premises are kept in a safe and prudent manner.

9.    Notwithstanding said duties, Defendant violated same in one or more of the following ways:

   a)   negligently, carelessly and recklessly failing to keep the premises in a reasonably safe condition for business invitees lawfully on their premises and to keep their floors free from accumulations of liquid substances;

   b)   negligently failing to inspect the subject premises for unsafe and unreasonably dangerous conditions, such as the accumulation of liquid substances on the floor;

   c)   negligently failing to exercise reasonable care in the maintenance of the subject premises and removal of the accumulation of liquid substances;

   d)   negligently failing to remove the unreasonably dangerous accumulation of liquid substances, when Defendant did know, or in the exercise of reasonable care should have known, that same was unreasonably dangerous;

   e)   negligently failing to warn members of the general public and Plaintiff in particular, of the dangerous accumulation of a liquid substance on the premises;

    f)  negligently, carelessly and recklessly performing other acts of negligence or omissions of actions not yet known but which will be ascertained during the further course of discovery of said litigation.

10. Defendant realized or should have realized that the condition on said premises constituted an unreasonable risk of harm to Plaintiff and others invited onto said property, and that the circumstances surrounding this cause of action are such that Defendant was required to undertake reasonable precautions and failed to do so, thereby causing Plaintiff to be injured as set forth herein.

11. As a direct result of Defendant's negligence, Plaintiff suffered injuries including but not limited to the following:

    a)  fractured left arm, several broken teeth, right knee injury and rib fractures, as well as the muscles, cords, tendons, nerves and other fibers contained therein;

    b)  aggravation, precipitation, lighting and flaring up of underlying, quiescent and dormant conditions so as to precipitate disability; and

    c)  all of the injuries mentioned herein are of a permanent and incurable nature.

12. Plaintiff has become disabled causing her great embarrassment, humiliation, discomfort and inconvenience.

13. Plaintiff is suffering and will continue to suffer for the balance of her natural life, extreme, grievous, intense and excruciating bodily and mental pain and agony by reason of suffering from the permanent, incurable and serious injuries as herein described.

14. Plaintiff has incurred medical expenses in an endeavor to cure herself of the injuries sustained herein, and will have additional medical and related expenses into the future.

15. Defendant became liable to Plaintiff to pay her medical expenses and as of the date of this Complaint and has failed, refused and/or neglected to make proper payment of all benefits due to Plaintiff.

16. Due to Defendant's failure to maintain safe premises and failure to make proper payment of benefits, Plaintiff has obtained the services of an attorney and will become obligated to make payment of an attorney fee.

17. Plaintiff's earning capacity has been diminished and Plaintiff has suffered and is continuing to suffer a permanent loss of earning capacity, as well as actual wage loss.

18. The amount in controversy exceeds the sum of Twenty-Five Thousand ($25,000) Dollars and/or is otherwise within the jurisdiction of this Court.

WHEREFORE, Plaintiff, Margaret Layne, prays for a judgment against Defendant, Costco Wholesale Corporation, in an amount to fairly and adequately compensate her for the injuries sustained, together with interest, costs and attorney fees.

BERNSTEIN & BERNSTEIN

/s/ *Mark M. Grayell*

Mark M. Grayell  (P 37069)
Attorney for Plaintiff
18831 W. 12 Mile Road
Lathrup Village, Michigan  48076
Dated:  March 11, 2016   248/350-3700 // 248/352-6680 fax
tcalcatera@lawfirmofbernstein.com

## DEMAND FOR TRIAL BY JURY

NOW COMES PLAINTIFF, Margaret Layne, by and through her attorneys, Bernstein & Bernstein, and hereby makes demand for trial by jury.

BERNSTEIN & BERNSTEIN

/s/ *Mark M. Grayell*

Mark M. Grayell  (P 37069)
Attorney for Plaintiff
18831 W. 12 Mile Road
Lathrup Village, Michigan  48076
Dated:  March 11, 2016   248/350-3700 // 248/352-6680 fax
tcalcatera@lawfirmofbernstein.com